IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES LEE GRIFFITH,                                      CV. 08-892-HU

        Petitioner,           FINDINGS AND RECOMMENDATION

  v.

BRIAN BELLEQUE,

        Respondent.

Alison M. Clark
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096

    Attorneys for Respondent


HUBEL, Magistrate Judge



1 -- FINDINGS AND RECOMMENDATION

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be denied.

## BACKGROUND

On September 3, 2003, petitioner was convicted of Kidnaping in the Second Degree, Coercion, Attempted Assault in the Second Degree, Attempted Felony Assault in the Fourth Degree, Criminal Mischief in the Second Degree, two counts of Menacing, and three counts of Assault in the Fourth Degree. Resp. Exh. 101 at 2-3. Petitioner was sentenced to a 100-month term of incarceration, with three years post-prison supervision.

Petitioner's convictions arose out of multiple domestic violence incidents involving Angela Ochoa and Sarah Delgado (former girlfriends). The incident relevant to this petition occurred on December 6, 2002, at approximately 9:00 a.m. Sarah Delgado testified that on that date she was in the shower at her home. TR at 370-71. Delgado testified that petitioner came into her bathroom, ripped down the shower curtain and the rod, and threw the rod through the bathroom door. Id. at 375. She testified that petitioner grabbed her by the hair and made her walk downstairs. Id. at 375-76. Delgado testified that once she was downstairs, petitioner swung a lamp in an attempt to strike her. Id. at 378-79. She ran into the downstairs bathroom/laundry room, and petitioner followed her and kicked in the door. Id. at 379-80.

2 -- FINDINGS AND RECOMMENDATION

Delgado testified that petitioner prevented her from leaving the room; and shoved her into the open dryer door, causing her to fall to the ground. Id. at 380-84. Delgado's testimony was consistent with statements she made to the police and Narcedalia Manzo on the date of the incident, and confirmed by photographs taken by police. See Id. at 317-25 (testimony of Police Officer Rohn Richards) and at 429-34 (testimony of Narcedalia Manzo).

Petitioner presented an alibi defense, alleging that he was not at Sarah Delgado's home on December 6, 2002. Defendant testified that he was at the home of Mary Chavez and Gayle Ketchum on that date, and that he did not wake up that morning until noon or 1:00 p.m. Id. at 579-80. In support of his alibi, petitioner offered the testimony of Mary Chavez, Gayle Ketchum, and Steven Seeling, all of whom testified that petitioner spent the night of December 5, 2002, at their residence.

Mary Chavez testified that petitioner slept on the floor of her bedroom the night of December 5th. Id. at 536-39. Chavez testified that she awoke on December 6th at approximately 6:30 a.m., and "assumed [petitioner] was still there" because she saw blankets on the floor where he had slept. Id. at 540. She testified that she went back to sleep, and was woken up at approximately 9:00 or 9:30 a.m., by Gayle Ketchum who was suffering from an aneurysm at the time. Id. at 541-42. Ms. Chavez testified that she saw petitioner on the floor, but that he did not wake up. Id. at 542.

3 -- FINDINGS AND RECOMMENDATION

On cross examination, Ms. Chavez admitted that she had lied in the past to petitioner's brother's probation officer, and that she had two felony drug convictions and a conviction for theft in the third degree.  Id. at 545-47.  Additionally, the state presented the testimony of Probation Officer Diane Doty who testified that she had had frequent contacts with Chavez and that, in her opinion, Chavez is not a credible witness.  Id. at 557.

Gayle Ketchum testified that she suffered an aneurysm on the morning of December 6, 2002.  Id. at 517.  Her right side went numb as a result and, at the time of trial, she was still recovering and "working on remembering stuff."  Id. at 517-18.  She testified that she remembers that defendant was at her home on the evening of December 5, 2002, and that he spent the night.  Id. at 519-21.  On the morning of December 6th, at approximately 9:00, she suffered the aneurysm and went into Mary's bedroom for help.  Id. at 524-25.  She testified that she "saw what [she] believed to be [petitioner] on the floor," "covered up in blankets and stuff."  Id. at 525-26.

On cross examination, Ketchum conceded that she, Chavez, and Steven Seeling were interviewed by an investigator within "ear shot" of one another.  Id. at 528-29.  On rebuttal, the state offered the testimony of Police Detective Jason LeCorre who testified that he interviewed Gayle Ketchum on July 7, 2003, and she told him that she didn't remember anything beyond the evening of December 5, 2002.  Id. at 609.

4 -- FINDINGS AND RECOMMENDATION

Steven Seeling is Gayle Ketchum's son.  He testified that petitioner spent the night at their residence on December 5, 2002, and was still asleep when he left for school on December 6th at approximately 7:00 a.m.  Id. at 506-11 & 513.  On cross examination, Seeling conceded that he testified in a prior proceeding that he went fishing with his father on December 6th. Id. at 514.

At the conclusion of the trial, the jury returned a guilty verdict on all but three counts.  Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion. Petitioner did not seek review by the Oregon Supreme Court. State v. Griffith, 200 Or. App. 415, 115 P.3d 988 (2005).  Petitioner sought state post-conviction relief alleging that he was denied effective assistance of trial and appellate counsel, and denied due process at sentencing.  The trial court denied post-conviction relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Griffith v. Belleque, 217 Or. App. 638, 178 P.3d 341, rev. denied, 344 Or. 390 (2008).

In the instant proceeding, petitioner pursues one ground of ineffective assistance of counsel.  See Memorandum in Support n.1. Petitioner contends that trial counsel was ineffective in failing to instruct his investigator to interview the alibi witnesses separately. Petitioner argues that, but for counsel's error, there is a reasonable probability that he would have been acquitted

5 -- FINDINGS AND RECOMMENDATION

because the alibi witnesses' testimony would have been stronger, and the jury would have placed a greater weight on their testimony.

## DISCUSSION

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). This court may properly address the prejudice prong first, without considering whether counsel's conduct was deficient. Villafuerte v. Stewart, 111 F.3d 616, 630 (9th Cir. 1997), cert. denied, 522 U.S. 1079 (1998).

"To establish prejudice [petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor, 529 U.S. at 391 (quoting Strickland, 466 U.S. at 694). In evaluating proof of prejudice, this court "must consider the totality of the evidence" before the jury. Strickland, 466 U.S. at 696. It is petitioner's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

6 -- FINDINGS AND RECOMMENDATION

The state post-conviction court rejected petitioner's ineffective assistance of counsel claim, concluding that trial counsel's failure to instruct the investigator to interview the alibi witnesses separately was not prejudicial because "Mary Chavez, Steve Seeling and Gayle Ketchum were thoroughly impeached by other evidence." Resp. Exh. 123 at 4. The post-conviction court stated:

> At most, trial counsel's failure to instruct the investigator to interview witnesses separately was a *de minimis* error that did not affect the outcome of the trial. Given all of the other impeaching evidence, petitioner's alibi witnesses would have been discredited even if they had been interviewed separately.

Id.

Petitioner has failed to demonstrate that the post-conviction court unreasonably applied Strickland. Although both Mary Chavez and Gayle Ketchum testified that petitioner was at their home on the morning of December 6th, Chavez was effectively discredited by her prior convictions, and Ms. Doty's testimony that Chavez is not a credible witness; and Ketchum was effectively discredited by her prior inconsistent statement, and the fact that her memory was diminished by the aneurysm. Steven Seeling was also effectively cross-examined with a prior inconsistent statement and, in any event, he testified that he left the house two hours before the crime against Delgado occurred.

7 -- FINDINGS AND RECOMMENDATION

In light of the foregoing and the totality of the evidence, including the testimony of Sarah Delgado, Narcedalia Manzo, and Rohn Richards, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's error in not instructing his investigator to interview the alibi witnesses separately, the result of the proceeding would have been different. Accordingly, petitioner has failed to demonstrate that he suffered prejudice as a result of trial counsel's error. The state courts' rejection of this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Habeas relief, therefore, is not warranted. See 28 U.S.C. § 2254(d).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) should be denied, and this proceeding dismissed, with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 1, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

If objections are filed, then a response is due February 18, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this _13th___ day of January, 2010.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

9 -- FINDINGS AND RECOMMENDATION